IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | |
|---|---|
| Robert Harvie Payne,<br><br>　　　　　　　　Plaintiff,<br><br>　vs.<br><br>Town of Mt. Pleasant and Charleston County,<br><br>　　　　　　　　Defendants. | Civil Action No. 2:12-393-DCN-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

　　　　This matter is before the court on the *pro se* plaintiff's motion for a preliminary injunction (doc. 15). The plaintiff, a pretrial detainee at the Charleston County Detention Center ("CCDC"), states in his motion that he requires access to the court recorder's computer monitor to read so he can understand what is being said in court.

　　　　Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B) and Local Rule 73.02(B)(2)(d) DSC, this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983.

　　　　The plaintiff is currently confined at the CCDC following his arrest for discharging a firearm, disorderly conduct, public intoxication, and indecent exposure.

　　　　"[A] preliminary injunction is an extraordinary remedy, to be granted only if the moving party clearly establishes entitlement to the relief sought." *Fed. Leasing, Inc. v. Underwriters at Lloyd's*, 650 F.2d 495, 499 (4th Cir.1981). To obtain a preliminary injunction, the plaintiff must demonstrate: "(1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest." *Winter v. Natural Resources Defense Council., Inc.*, 555 U.S. 7, 20 (2008); *see Scott v. Padula*, C.A. No. 0:08-3240-HFF-PJG, 2009 WL 2579464, at *1 (D.S.C. August 18, 2009)

(slip copy) (applying *Winter* standard and noting that the *Blackwelder Furniture Co. v. Seling Mfg. Co.*, 550 F.2d 189 (4th Cir. 1977) balance-of-hardship test no longer applies).

The defendants oppose the motion for a preliminary injunction (doc. 17) stating that the plaintiff has not submitted any evidence that he has hearing loss that would require an assistive device or other reasonable accommodation. Furthermore, the municipal court does not have a court reporter. Proceedings are either tape recorded or taken down by hand pursuant to South Carolina Code Annotated § 22-3-790. As argued by the defendants, the plaintiff has not discussed far less burdensome and inexpensive resolutions to the plaintiff's alleged hearing difficulties than requiring a municipal court to hire a court reporter with computer equipment. Furthermore, the plaintiff has not provided any evidence as to whether South Carolina Code Annotated § 15-27-15, governing the provision of interpreters for deaf persons, is applicable to him. Moreover, the plaintiff has not provided any facts sufficient to show that he is in danger of irreparable harm by not having access to a computer monitor in court.

The plaintiff has not shown that he is entitled to injunctive relief. Accordingly, the motion (doc. 15) should be denied.

s/ Kevin F. McDonald
United States Magistrate Judge

May 2, 2012
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington St, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984.