IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| Robert Payne, | ) | |
| --- | --- | --- |
| | ) | Civil Action No. 2:12-393-DCN-KFM |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPORT OF MAGISTRATE JUDGE** |
| | ) | |
| Town of Mt. Pleasant and Charleston County, | ) ) | |
| | ) | |
| Defendants | ) ) | |

This matter is before the court on the *pro se* plaintiff's motions for temporary restraining orders ("TRO") (docs. 38, 43). Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983.

"[A] preliminary injunction is an extraordinary remedy, to be granted only if the moving party clearly establishes entitlement to the relief sought." *Fed. Leasing, Inc. v. Underwriters at Lloyd's*, 650 F.2d 495, 499 (4th Cir.1981). To obtain a preliminary injunction, the plaintiff must demonstrate: "(1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest." *Winter v. Natural Resources Defense Council., Inc.*, 555 U.S. 7, 20 (2008); *see Scott v. Padula*, C.A. No. 0:08-3240-HFF-PJG, 2009 WL 2579464, at *1 (D.S.C. August 18, 2009) (slip copy) (applying *Winter* standard and noting that the *Blackwelder Furniture Co. v. Seling Mfg. Co.*, 550 F.2d 189 (4th Cir. 1977) balance-of-hardship test no longer applies). *See Neiswender v. Bank of America*, No. 09-2595, 2009 WL 1834406, at *1 (N.D. Cal. June 23,

2009) ("A request for a temporary restraining order is governed by the same general standards that govern the issuance of a preliminary injunction.").

The plaintiff is currently confined at the Charleston County Detention Center ("CCDC") following his arrest for discharging a firearm, disorderly conduct, public intoxication, and indecent exposure. In his first motion (doc. 38), the plaintiff requests that the defendants be ordered to provide him with Computer Assisted Real-time Transcription ("CART") at all court appearances and transportation to a private audiologist for treatment.

In response to the motion, defendant Mt. Pleasant states that it does not provide technology support services for the state circuit courts and that there are no proceedings scheduled for the plaintiff in municipal court. Therefore, the plaintiff's request is misdirected and should be directed to state court staff. Further, Mt. Pleasant has no control over medical services for the inmates at CCDC, and therefore it cannot provide transportation for the plaintiff to medical facilities.

Defendant Charleston County notes that the county courthouse is equipped with devices intended for use by individuals with hearing issues. These hearing devices amplify all sound and voices in the courtroom and utilize a headset with earphones (Christopher T. Dorsel aff. ¶ 3). Further, this defendant argues that the Charleston County Sheriff's Office and Charleston County are separate governmental entities charged with separate duties and that, under South Carolina law, the duty of supervising and maintaining the detention center falls to the Charleston County Sheriff's Office and not Charleston County. *See* S.C. Code Ann. § 24-5-10 ("The sheriff shall have custody of the jail in his county and, if he appoint a jailer to keep it, the sheriff shall be liable for such jailer and the sheriff or jailer shall receive and safely keep in prison any person delivered or committed to either of them, according to law."). *See also Bardes v. Magera*, C.A. No. 2:08-cv-487-PMD-RSC, 2009 WL 3163547, at *30 (D.S.C. Sept. 30, 2009) ("To the extent Plaintiff sued

Charleston County because of the alleged unconstitutional jail conditions, Charleston County has no authority over how the Sheriff supervises the detention center.").

The plaintiff has failed to demonstrate the necessary factors showing that he is entitled to a TRO. The plaintiff has made no specific allegations as to why the hearing aid equipment in place at the courthouse is insufficient nor has he provided any evidence of such. Moreover, granting the plaintiff's motion would cause undue burden to defendant Charleston County as sufficient hearing aid devices are readily available at the courthouse. Ordering defendant Charleston County to provide a service that is not available at the courthouse for all future hearings would necessarily mean that the defendant would then be responsible for not only the scheduling of the CART service, but for the additional cost incurred. Furthermore, it is clear that the defendants do not control the plaintiff's access to medical services. Accordingly, the first motion should be denied.

In his second motion (doc. 43), the plaintiff asks that the court require the "defendants to make legal copies to allow plaintiff and other inmates access to courts without further delay." He also moves for sanctions against the defendants "for wasting this court's valuable time grinding the same corn." The plaintiff's motion is meritless and should be denied. As stated above, he is an inmate confined to the CCDC, and the duty of supervising and maintaining the detention center falls to the Charleston County Sheriff's Office and not the defendants named in the instant lawsuit. Moreover, any allegation by the plaintiff that his access to the courts has been impeded is absurd given that he has filed over 20 cases in this court since June 2011, and he has filed numerous motions in those cases, including the instant action.

Based upon the foregoing, the motions (docs. 38, 43) should be denied.

                                        s/ Kevin F. McDonald
                                        United States Magistrate Judge

August 30, 2012
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
300 East Washington St, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984.