IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | | |
|---|---|---|
| Robert Harvie Payne, | ) | |
| | ) | Civil Action No. 2:12-393-DCN-KFM |
| Plaintiff, | ) | |
| | ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. | ) | |
| | ) | |
| Town of Mt. Pleasant and Charleston County, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on the motions to dismiss of the defendants (docs. 16, 24). Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

The plaintiff, who is proceeding *pro se*, is a pretrial detainee confined in the Sheriff Al Cannon Detention Center following his May 29, 2011 arrest for discharging a firearm, disorderly conduct, public intoxication, and indecent exposure. On April 30, 2012, defendant Town of Mt. Pleasant filed a motion to dismiss the plaintiff's complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). The defendant further requested that a prefiling injunction and sanctions be issued against the plaintiff for frivolous court filings. On May 1, 2012, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the motion to dismiss procedure and the possible consequences if he failed to respond adequately. On May 18, 2012, defendant Charleston County filed a motion to dismiss pursuant to Rule 12(b)(6). Another *Roseboro* order was issued on that same date. The plaintiff filed his response on June 11, 2012.

## APPLICABLE LAW AND ANALYSIS

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978), and a court is charged with liberally construing a complaint filed by a pro se litigant to allow for the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980).  The requirement of liberal construction, however, does not mean the court can ignore a clear failure to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't. of Soc. Servs.*, 901 F.2d 387 (4th Cir.1990).

Federal Rule of Civil Procedure 12(b)(6) permits a party to move for dismissal if the opposing party fails to state a claim for which relief can be granted.  Federal Rule of Civil Procedure 8(a) sets forth a liberal pleading standard, which requires only a " 'short and plain statement of the claim showing the pleader is entitled to relief,' in order to 'give the defendant fair notice of what . . . the claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  "To survive a Rule 12(b)(6) motion to dismiss, the facts alleged 'must be enough to raise a right to relief above the speculative level' and must provide 'enough facts to state a claim to relief that is plausible on its face.' " *Robinson v. American Honda Motor Co., Inc.*, 551 F.3d 218, 222 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555, 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  Accordingly, a complaint does not require detailed facts; however, a "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

In his complaint now before the court, the plaintiff makes the following factual allegations:  1)  he has been denied a speedy trial and all medical treatment for his prostate cancer; 2)  he was beaten by five Charleston County deputies on "orders and supervision of Chas. Co. Judge Tom Lynn"; 3)  as a result of this "lynching," his "hearing was stolen and [he] is deaf"; and 4)  he has been denied "communication access" during meetings with his

2

public defender and at hearings in various municipal, magistrate, and county courts (comp. at 3).

The plaintiff's first allegations regarding denial of speedy trial and denial of medical treatment for his prostate cancer have been addressed in several of the plaintiff's other recent lawsuits and are therefore repetitious and will not be addressed again herein. *See Payne v. Fennell*, C.A. No. 6:11-2011-DCN-KFM; *Payne v. Jacobs*, C.A. No. 6:12-186-DCN-KFM; *Payne v. Lucas*, C.A. No. 6:11-2666-DCN-KFM; *Payne v. Town of Mount Pleasant*, C.A. No. 2:12-277-DCN-KFM.  Accordingly, these claims should be dismissed against both defendants.

In his second and third allegations, the plaintiff claims that he was beaten by five Charleston County deputies on "orders and supervision of Chas. Co. Judge Tom Lynn" and, as a result of this "lynching," his "hearing [aid?] was stolen and [he] is deaf."  These allegations do not pertain to defendant Town of Mount Pleasant.  Further, the plaintiff has not pled that any practice, policy, or custom of defendant Charleston County created a constitutional violation in this case.  "[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents.  Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978).  Thus, "[i]n order to maintain a 42 U.S.C. § 1983 municipal liability claim, a plaintiff must affirmatively establish that the alleged constitutional violation was directly caused by an official practice, policy or custom of the municipality." *Allen v. Aiken County*, C.A. No. 4:08-2474-PMD, 2009 WL 1065406, at *3 (D.S.C. 2009) (citing *Monell*, 436 U.S. at 694).  Here, the plaintiff has failed to identify any policy or custom of the County that would have caused the alleged constitutional violation.  Accordingly, the plaintiff has failed to allege facts sufficient to allow the court to draw any reasonable inference that the defendant County is liable for the misconduct alleged.  Based upon the foregoing, this claim should be dismissed against both defendants.

In his fourth allegation, the plaintiff argues that he has been denied "communication access" during meetings with his attorney and at hearings in various municipal, magistrate, and county courts. To the extent the plaintiff is attempting to state a claim of denial of access to the courts, his complaint fails to state a claim because he has not alleged that he has suffered any actual injury. In *Lewis v. Casey*, 518 U.S. 343, 349 (1996), the Supreme Court held that a prisoner must show some actual injury resulting from a denial of access to the courts in order to allege a constitutional violation. The plaintiff has failed to plead facts sufficient to show that he suffered some actual injury or specific harm. Accordingly, the plaintiff's denial of access to the courts claim fails.

The plaintiff also alleges in his complaint that his claims are brought under the Americans with Disabilities Act ("ADA") (*see* comp. at 2). Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Title II applies to any "public entity," which includes "(A) any State or local government; [and] (B) any department, agency, special purpose district, or other instrumentality of a State or States or local government . . . ." 42 U.S.C. § 12131(1). The defendants have not addressed the ADA claim in their motions to dismiss. Accordingly, this court recommends that the defendants be given the opportunity to file appropriate motions with regard to any such claim.

## CONCLUSION AND RECOMMENDATION

This court recommends that the defendants' motions to dismiss (docs. 16, 24) be granted *with prejudice* with regard to the plaintiff's claims under Section 1983. This court further recommends that the defendants be given an opportunity file relevant motions regarding the plaintiff's claims alleged pursuant to the ADA.

IT IS SO RECOMMENDED.

s/ Kevin F. McDonald
United States Magistrate Judge

December 28, 2012
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
300 East Washington St, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984.