IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | |
|---|---|
| Robert Payne, ) | |
| ) | Civil Action No. 2:12-393-DCN-KFM |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT OF MAGISTRATE JUDGE** |
| ) | |
| Mt. Pleasant, Town of, and Charleston ) | |
| County, ) | |
| ) | |
| Defendants. ) | |
| ) | |

   The plaintiff, proceeding *pro se*, brought this action seeking relief pursuant to Title 42, United States Code, Section 1983.  In his complaint, the plaintiff, who was a state prisoner located at Kirkland Reception and Evaluation Center, alleged violations of the Americans with Disabilities Act ("ADA"), denial of a speedy trial, assault by Charleston County deputies resulting in hearing loss, denial of access to the courts, and denial of medical treatment for his prostate cancer.

   Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

   On December 28, 2012, the undersigned recommended that the defendants' motions to dismiss the plaintiff's claims under Section 1983 be granted.  The undersigned further recommended that the defendants be given an opportunity an opportunity to file relevant motions regarding the plaintiff's claims alleged pursuant to the ADA.  The Honorable David C. Norton, United States District Judge, adopted the recommendation and dismissed the plaintiff's Section 1983 claims on February 7, 2013.

On February 18, 2013, defendant Mt. Pleasant filed a motion to dismiss or, in the alternative, for summary judgment as to the plaintiff's ADA claims. On February 19, 2013, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the dismissal/summary judgment procedures and the possible consequences if he failed to respond adequately. On February 20, 2013, defendant Charleston County filed a motion to dismiss the plaintiff's claims under the ADA. A second *Roseboro* Order was issued the same day advising the plaintiff of the dismissal/summary judgment procedures and the possible consequences if he failed to respond adequately. The plaintiff did not respond to either motion.

As the plaintiff is proceeding *pro se*, the undersigned filed a second order on April 3, 2013, giving the plaintiff through April 23, 2013, to file his responses to the motions. The plaintiff was specifically advised that if he failed to respond, this action would be dismissed for failure to prosecute. The plaintiff did not respond. The order was returned to the court as undeliverable on April 10, 2013, with the notation "Released" marked on the envelope.

A complaint may be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and/or failure to comply with orders of the court. *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir.1989). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

> (1) the degree of personal responsibility on the part of the plaintiff;
>
> (2) the amount of prejudice to the defendant caused by the delay;
>
> (3) the history of the plaintiff in proceeding in a dilatory manner; and,
>
> (4) the existence of less drastic sanctions other than dismissal.

*Davis v. Williams*, 588 F.2d 69, 70 (4th Cir.1978).

2

On March 29, 2012, the plaintiff was ordered to notify the court of any address change, and he was advised that if he failed to do so and missed a deadline as a result, his case could be dismissed for violating the order (*see* doc. 11).  The plaintiff failed to comply with the order.  Furthermore, the plaintiff has not responded to the defendants' motions to dismiss or the court's orders requiring him to respond.  It is solely through the plaintiff's neglect, and not that of an attorney, that no responses have been filed.  Meanwhile, the defendants are left to wonder when the action against them will be resolved.  Accordingly, the undersigned concludes the plaintiff has abandoned his lawsuit.  No other reasonable sanctions are available.

Based on the foregoing, it appears the plaintiff no longer wishes to pursue this action.  Accordingly, it is recommended that this action be dismissed for lack of prosecution and failure to comply with orders of the court pursuant to Federal Rule of Civil Procedure 41(b).  *Ballard*, 882 F.2d at 95.

April 24, 2013                                                      s/Kevin F. McDonald
Greenville, South Carolina                                  United States Magistrate Judge

3

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington St, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).